**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jorge Alberto MUNOZ–RAMIREZ,**
**Defendant–Appellant.**

No. 01–50453.

D.C. No. CR 01–00153–L.

United States Court of Appeals,
Ninth Circuit.

Submitted May 7, 2002 *.

Decided July 24, 2002.

Before KLEINFELD and GRABER, Circuit Judges, and COLLINS,** District Judge.

## MEMORANDUM ***

Defendant–Appellant Jorge Munoz–Ramirez argues that the district court erred by denying his motion to dismiss Count 2 of the indictment and by denying the mo-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App.P. 34(a)(2).

** Honorable Raner C. Collins, United States District Judge for the District of Arizona, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the

tion to suppress his sworn statement. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

The district court properly denied Munoz–Ramirez's motion to dismiss Count 2 of the indictment because the indictment alleged the requisite mens rea, that the defendant falsely and willfully represented himself to be a citizen of the United States. *See* 18 U.S.C. § 911 (1994).

Munoz–Ramirez also argues that the district court erred in not suppressing his incriminating statement because the advisements given by the immigration officials were confusing. Neither party disputes that Munoz–Ramirez signed a written waiver of his *Miranda* rights after he was adequately advised. "An express written or oral statement of waiver of the right to remain silent or of the right to counsel is usually strong proof of the validity of that waiver, but is not inevitably either necessary or sufficient to establish waiver." *North Carolina v. Butler*, 441 U.S. 369, 373, 99 S.Ct. 1755, 60 L.Ed.2d 286 (1979). In this case, the issue is whether a later, separate advisement of rights pertaining to administrative proceedings tainted the *Miranda* warning and prevented the actual waiver from being knowing, intelligent and voluntary.

After reviewing the district court's finding that the *Miranda* waiver was "knowing and intelligent" for clear error and reviewing the "voluntariness" of the waiver de novo, we conclude that the district court did not err in denying the motion to suppress. *See United States v. Amano*, 229 F.3d 801, 803 (9th Cir.2000); *United States v. Doe*, 170 F.3d 1162, 1168 (9th Cir.1999). Although Munoz–Ramirez claims his *Miranda* waiver was not knowing or intelligent, he failed to present any evidence

that he was actually confused by the two advisements, or that his waiver was not "made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it." *See Moran v. Burbine*, 475 U.S. 412, 421, 106 S.Ct. 1135, 89 L.Ed.2d 410 (1986). Therefore, the district court's factual finding that the waiver was knowing and intelligent was not clearly erroneous. Finally, there is nothing in the record to support a conclusion that Munoz–Ramirez's decision to sign the written waiver and make a verbal statement was not the product of a free and deliberate choice and, therefore, voluntary. *See United States v. Doe*, 219 F.3d 1009, 1016 (9th Cir.2000).

AFFIRMED.

---

courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

